**REPORTED**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2914

SEPTEMBER TERM, 2015

---

MICHAEL VAUGHN

v.

STATE OF MARYLAND

---

Krauser, C. J.,
Berger,
Salmon, James P.,
  (Senior Judge, Specially Assigned)

JJ.

---

Opinion by Salmon, J.

---

Filed:  April 26, 2017

The Maryland Court of Appeals, in *Skok v. State,* 361 Md. 52 (2000), made a significant change in the Maryland common law in regards to the circumstances under which a convict could overturn his or her conviction by filing a writ of error *coram nobis.* *Id*. at 70, 77.  Relying on the reasoning set forth in *United States v. Morgan*, 346 U.S. 502 (1954) (announcing law to be applied in federal courts), the *Skok* Court held that a change in the common law governing *coram* nobis relief was justified due to "contemporary conditions and public policy."  *Id*. at 77.  The Court, 361 Md. at 78-79, listed five conditions a defendant must meet in order to obtain *coram nobis* relief.  One of those conditions was that a "*coram nobis* petitioner must be suffering or facing significant collateral consequences from the conviction."  *Id*. at 79.

In the case *sub judice*, the appellant, Michael Vaughn, pled guilty in 2004, in the Circuit Court for Baltimore City, to a third-degree sex offense pursuant to an agreement with the prosecutor and the circuit court judge that accepted the plea.  Before he pled guilty, Vaughn was told, *inter alia,* that if the plea was accepted he would be required to register as a sex offender "as required by law."

The circuit court sentenced Vaughn to five years' imprisonment, all suspended in favor of three years' probation.  As promised, Vaughn was ordered to register as a sex offender and, as a condition of probation he was required to receive sex counseling and to stay away from the victim.

Mr. Vaughn took no action for over eleven years.  He then filed a petition for a writ of error *coram nobis*.  The collateral consequence he relies upon in support of his

petition is that he has been required to register as a sex offender. The issue that we are called upon to resolve is whether the aforementioned "collateral consequences" is sufficient to meet one of the five conditions required for *coram nobis* relief.

We shall hold that such a "collateral consequence" is not sufficient to allow *coram nobis* relief because, as *Skok* made clear, the reason for changing the common law was to give a possible avenue of relief to criminal defendants who could allege significant collateral consequences arising from the conviction that were, from the defendant's point of view, unexpected at the time the guilty verdict was entered. *Id.* at 77.

## I.
## BACKGROUND

Mr. Vaughn was 21 years old in July 2003 and lived at 2416 Marbourne Avenue, Apt. 3-C, in Baltimore City. The victim of the crime to which Mr. Vaughn pleaded guilty was "MJ", who, in 2003, was twelve years old. Mr. Vaughn knew her age at all times here relevant.

Police arrived at Mr. Vaughn's apartment on July 21, 2003, while Mr. Vaughn and the victim were still present. MJ told an investigating police officer that she had had vaginal intercourse with Mr. Vaughn on the evening of July 20 and again in the morning hours of July 21, 2003. As a result of MJ's allegations, Mr. Vaughn was charged in the Circuit Court for Baltimore City with second-degree rape, third-degree sex offense, fourth-degree sex offense and second-degree assault.

On March 15, 2004, Mr. Vaughn appeared in the Circuit Court for Baltimore City. At the commencement of the proceedings, the prosecutor placed on the record the plea agreement that the State had entered into with the defendant and his counsel, *viz.*:

> [T]he agreement would be that the [d]efendant plead guilty to a third-degree sex offense, receive a five year – a sentence of five years suspended, three years' probation, stay away from the victim, [MJ]. Register as a sex offender as required by law. Have sex offender counseling. And that's it.

Appellant's counsel then explained to Mr. Vaughn some of the rights he was giving up by entering a guilty plea. Defense counsel did not, however, explain to Mr. Vaughn, on the record, what the State would need to prove in order to convict him of a third-degree sex offense.

After the factual predicate for the guilty plea was placed on the record, the circuit court, on the same day that the plea was accepted, sentenced appellant in accordance with the plea agreement. As mentioned, as part of that agreement, appellant was required to register as a sex offender. In 2004, a person convicted of a third-degree sex offense was required to register as a sex offender for life. The same is true presently.

On August 7, 2015, Mr. Vaughn filed a writ of error *coram nobis*. In his petition he did not allege that as a consequence of his conviction he was suffering any significant collateral consequences arising from his conviction. He did, however, claim that the evidence that the State proffered at the time of his guilty plea, was insufficient to support a conviction of third-degree sexual offense. More precisely, according to Mr. Vaughn, the proffered facts did not show that the victim and Mr. Vaughn had "sexual contact" as defined in Md. Code (2002), Criminal Law Article § 3-301(f)(1) because penile

3

penetration does not come within that definition. For that proposition, he cited *Bayne v. State*, 98 Md. App. 149, 159 (1993). Mr. Vaughn argued, in effect, that even though the facts proffered by the State would have been sufficient to prove a second-degree sexual offense, those facts were insufficient to prove that he was guilty of the less serious charge of third-degree sexual offense.

In his petition, Mr. Vaughn also alleged that the guilty plea was deficient because "the *voir dire* did not establish that [the plea] was knowingly, voluntarily and intelligently entered" inasmuch as no one explained to him, on the record, the specific elements that the State needed to prove to obtain a third-degree sexual offense conviction.

In its response to the petition, the State stressed that Mr. Vaughn had failed to allege that he had suffered significant collateral consequences as a result of his conviction. The State also argued that the plea colloquy was sufficient to show that appellant entered the plea knowingly, voluntary, and intelligently. In regard to the sufficiency of the factual predicate for a plea, the State pointed out that the State had proffered that just before each incident of vaginal intercourse, the victim and the defendant kissed. According to the State, kissing amounted to "sexual contact," as defined by the section of the statute relied upon by Mr. Vaughn.

The State concluded its memorandum by stating, accurately, that Mr. Vaughn received a great benefit from the plea agreement because he was originally charged, and the State could have easily proven, that appellant was guilty of a second-degree sexual

offense inasmuch as the victim was under the age of fourteen and the defendant was four or more years older than she was at the time the two engaged in vaginal intercourse.

A hearing on the petition for *coram nobis* relief was set for October 29, 2015. On October 23, 2015, Vaughn's counsel filed a reply memorandum in which his counsel asserted that as a result of the third-degree sexual offense conviction he "has been ordered to register as a sex offender." According to the reply memorandum, the registration requirement "has an enormous impact on his life." Counsel did not say, however, what that impact may have been and no affidavit supported the "impact on his life" allegation. *See* Md. Rule 2-311(d).[1]

At the October 29, 2015 hearing, the motions judge treated the assertions about collateral consequences made in Mr. Vaughn's response to the State's memorandum as if the allegations were set forth in the petition for *coram nobis* relief. After hearing oral argument,[2] the circuit court, on January 19, 2016, filed a seven-page opinion in which the court concluded that Mr. Vaughn was not entitled to *coram nobis* relief. The court said:

---

[1] Md. Rule 2-311(d) reads:

> **Affidavit.** A motion or a response to a motion that is based on facts not contained in the record shall be supported by affidavit and accompanied by any papers on which it is based.

[2] At the October 29, 2015 hearing, Mr. Vaughn's counsel, when questioned about the fact that Mr. Vaughn knew, in 2004 when he entered his guilty plea that he would have to register as a sex offender, said that since 2004 the General Assembly has "increased year after year . . . . what sex offenders have to do."

---

(Continued…)

The record of the March 15, 2004 proceeding clearly demonstrates that the Petitioner was advised that registration as a sex offender was a requirement. . . . Further, Petitioner has failed to establish how his registration as a sex offender is a significant collateral consequence <u>now</u>, eleven years after his initial plea. Rather, the [c]ourt finds that the registration as a sex offender was a condition directly attached to the plea and it is not a collateral consequence of the plea.

## II.
## DISCUSSION

The Court of Appeals gave a full explanation in *Skok* as to why public policy required that there be a change in the common law concerning the circumstances that would justify a court granting a petition for a *writ of error coram nobis*. The Court said:

> Along with the vast majority of appellate courts which have considered the matter, we believe that the scope of coram nobis, as delineated in *United States v. Morgan*, is justified by contemporary conditions and public policy. <u>Very often in a criminal case, because of a relatively light sanction imposed or for some other reason, a defendant is willing to forego an appeal even if errors of a constitutional or fundamental nature may have occurred. Then, when the defendant later learns of a substantial collateral consequence of the conviction, it may be too late to appeal,</u> and, if the defendant is not incarcerated or on parole or probation, he or she will not be able to

---

(…continued)

Counsel's argument continued:

> And so Mr. Vaughn could not have known in 2003, [sic] for instance, that he would have to give up all of his Internet identifiers. He would not have known that he can't go anywhere near a daycare center. Because none of that existed at the time. So now, 11 years of this, I think shows how serious he is.

Defense counsel did not, however, argue that any of the post 2004 changes had any significant effect on him.

challenge the conviction by a petition for a writ of habeas corpus or a petition under the Post-Conviction Procedure Act.

Moreover, serious collateral consequences of criminal convictions have become much more frequent in recent years. The past few decades have seen a proliferation of recidivist statutes throughout the county. In addition, apparently because of recent changes in federal immigration laws, regulations, and administration, there has been a plethora of deportation proceedings against non-citizens based on relatively minor criminal convictions. Because of this, Maryland Rule 4-242 was recently amended by adding the following provision:

> "(e) **Collateral consequences of a plea of guilty or Nolo Contendere**. Before the court accepts a plea of guilty or nolo contendere, the court, the State's Attorney, the attorney for the defendant, or any combination thereof shall advise the defendant (1) that by entering the plea, if the defendant is not a United States citizen, the defendant may face additional consequences of deportation, detention, or ineligibility for citizenship and (2) that the defendant should consult with defense counsel if the defendant is represented and needs additional information concerning the potential consequences of the plea. The omission of advice concerning the collateral consequences of a plea does not itself mandate that the plea be declared invalid."

> In light of these serious collateral consequences, there should be a remedy for a convicted person who is not incarcerated and not on parole or probation, who is suddenly faced with significant collateral consequence of his or her conviction, and who can legitimately challenge the conviction on constitutional or fundamental grounds. Such person should be able to file a motion for coram nobis relief regardless of whether the alleged infirmity in the conviction is considered an error of fact or an error of law.

361 Md. at 77-78 (footnote omitted) (emphasis added).

As can be seen, Mr. Vaughn did not show that he was among that group of criminal defendants who, after pleading guilty, later learns of a substantial collateral

consequence of the conviction. He knew that he would have to register as a sexual offender "as required by law" on the very day he entered his guilty plea. Therefore, Mr. Vaughn, unlike Mr. Skok, had no valid reason to forego an appeal.

Appellant has cited no case, and we know of none, where any appellate court in this State has held that a petitioner for *coram nobis* relief meets the "significant collateral consequence" requirement by pointing to a consequence of the guilty plea that the petitioner knew about on the day he pled guilty. In fact, in every reported Maryland case in which *coram nobis* relief has been allowed since *Skok* was decided, the petitioner was able to point to a collateral consequence of the guilty plea that the petitioner did not know about on the day the guilty plea was entered.[3]

Finally, because appellant knew about the requirement to register as a sex offender when he pled guilty, grant of *coram nobis* relief is not required to achieve justice. In that regard, what we said in *Coleman v. State*, 219 Md. App. 339, 353-54 (2014) is relevant:

> [Even] assuming that a petitioner has met the prerequisites for *coram nobis* relief, we are not aware of any Maryland decision mandating that relief be granted in the absence of "circumstances compelling such action to achieve justice." As the Supreme Court stated in *United States v. Denedo*, 556 U.S. 904. 916. 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009), "judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *See also Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("'the concern with the finality served by the limitation on collateral attack has special force with respect to convictions based on

---

[3] Nothing in this opinion should be interpreted as standing for the proposition that being required to register as a sex offender is not a serious collateral consequence of a conviction.

guilty pleas'") (quoting *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)); *Holmes, supra*, 401 Md. at 473, 932 A.2d 698 (noting the "limited nature" of the "extraordinary" writ of error *coram nobis*).

### III.
### CONCLUSION

In Maryland, a petitioner must prove five conditions in order to be entitled to *coram nobis* relief. One of those conditions is that the petitioner is suffering or facing significant collateral consequences from the conviction. To prove that last mentioned condition, petitioner must show that the "collateral consequences" is one that he or she did not know about at the time the guilty plea was entered.[4]

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

[4] We recognize that in *Skok*, 361 Md. at 79, the Court said that "basic principles of waiver are applicable in *coram nobis* proceedings" and that the same legal principles applicable under the Maryland Post Conviction Act now set forth in Md. Code (2008 Repl. Vol.) Criminal Procedure Article § 7-106(b) and (c) apply to *coram nobis* actions. If the circuit court judge in this case had chosen to do so, appellant's petition could also have been dismissed on grounds of waiver.